UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


THOMAS MCDONALD; MARIAN
MCDONALD; and ALEX E. MCDONALD,

        Plaintiffs and
        Counterclaim Defendants,    Civil No. 03-1504-HA

    v.
                                        ORDER

SUN OIL COMPANY, SUNOCO, INC.,
and CORDERO MINING COMPANY,

        Defendants and
        Counterclaim Plaintiffs,

THOMAS MCDONALD and MARIAN MCDONALD,
and ALEX E. MCDONALD,

        Third-Party Plaintiffs,

    v.

J.T. BATTERSON and SUSAN BATTERSON,
        Third-Party Defendants.


HAGGERTY, Chief Judge:


1  -  ORDER

In an Opinion and Order dated March 14, 2006, this court granted summary judgment on all claims against defendants and third-party defendants, leaving only two counterclaims filed by defendant Sunoco remaining in the case. Plaintiffs claims for breach of contract, fraud, negligence, negligence *per se*, contribution under Oregon law, and cost recovery under Oregon law have been dismissed. The remaining counterclaims by defendant are for contribution under 42 U.S.C. § 9600 *et seq*. (CERCLA) and Oregon law. Defendant Sunoco now brings a Motion for Entry of Final Judgment on All of Plaintiffs' Claims [184]. Plaintiffs object to this motion on the ground that the pending counterclaims are based on the same nucleus of facts and could result in multiple appeals.

Federal Rule of Civil Procedure 54(b) authorizes a court to enter final judgment "as to one or more but fewer than all of the claims or parties." Fed. R. Civ. Pro. 54(b). Judgment under Rule 54(b) "is proper if it will aid 'expeditious decision' of the case. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)). Rule 54(b) certification is not proper if it will result in "piecemeal appeals in cases which should be reviewed only as single units," but the Rule 54(b) claims "do not have to be separate from and independent of the remaining claims." *Id.* Rule 54(b) certification is permitted "even though the remaining claims would require proof of the same facts involved in the dismissed claims." *Id.* at 798.

Rule 54(b) certification is proper, despite overlapping facts, when the only remaining claims are counterclaims that arise out of the same transaction or occurrence. *See Wood v. GCC Bend, LLC.*, 422 F.3d 873, 881 (9th Cir. 2005); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980); *Cold Metal Process Co. v. United Eng'g & Foundry Co.,* 351 U.S. 445, 451-52 (1956); *Sheehan*, 812 F.2d at 468. Here, judgment under Rule 54(b) would aid in the expeditious decision of the case. The only remaining claims are counterclaims, and they will require proof of only a small

portion of the facts involved in the dismissed claims.

Moreover, there is little risk of "piecemeal" appeals in this case. The counterclaims for contribution were not dismissed at summary judgment because plaintiffs are potentially responsible parties (PRPs) under CERCLA and could not establish statutory innocence as a matter of law. However, it is the court that allocates response costs between PRPs, taking into consideration "such equitable factors as it finds appropriate." 42 U.S.C. § 9613(f)(1). Courts often consider several factors, which are known as the "Gore factors," including distinguishability of discharge; amount of hazardous waste involved; degree of toxicity; degree of involvement by each PRP in generating, transporting, treating, storing or disposing of the waste; degree of care exercised; and degree of cooperation with authorities. *Boeing Co. v. Cascade Corp.*, 920 F. Supp. 1121, 1132 (D. Or. 1996). Considering the equitable factors applicable in this case, plaintiffs' equitable share of the response costs is likely zero. Accordingly, there is a low probability of multiple appeals in this case.

Defendant's Motion for Entry of Final Judgment on all of Plaintiffs' Claims [189] is GRANTED.

IT IS SO ORDERED.

DATED this   22   day of June, 2006.

                                                /s/Ancer L.Haggerty
                                                   ANCER L. HAGGERTY
                                               United States District Judge